CASE NO: _____

JEFFERSON CIRCUIT COURT
DIVISION _____
JUDGE _____

ABRAHAM PANYAGOR                                    PLAINTIFF

v.                          **COMPLAINT**

KINDRED NURSING CENTERS LIMITED PARTNERSHIP          DEFENDANT
d/b/a Kindred Nursing And Rehabilitation - Bashford
    680 South Fourth Street
    Louisville, Kentucky 40202

    **Serve Registered Agent:**
    CT Corporation System
    306 West Main Street, Suite 512
    Frankfort, Kentucky 40601

*     *     *     *     *

The Plaintiff, Abraham Panyagor, by counsel (*"**Mr. Panyagor**"*), for his Complaint against Defendant, Kindred Nursing Centers Limited Partnership doing business as Kindred Nursing and Rehabilitation - Bashford, states as follows:

### Introduction

1.      This civil action relates to employment discrimination arising under the Kentucky's Civil Rights Act, KRS § 344 *et seq.* (the KCRA), Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Federal Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 *et seq.* (the ADAAA), and the Federal Family Medical Leave Act, 29 U.S.C. § 2611 *et seq.* (the FMLA).

Presiding Judge: HON. MARY SHAW (630277)

Package : 000003 of 000014

EXHIBIT A

## Jurisdiction and Venue

2.     Plaintiff's claims exceed the minimum dollar amount necessary to meet the jurisdictional threshold for this Court.

3.     The Court has jurisdiction over Plaintiff's claims against Defendant pursuant to Ky. Const. 112(5), KRS 23A.010, and KRS 344.450.

4.     All conditions have been met to confer subject-matter jurisdiction upon this Court. Mr. Panyagor filed a charge of discrimination against Defendant with the Equal Opportunity Employment Commission, Charge 474-2015-00840, claiming disability and national origin discrimination, and retaliation. He received a "right to sue" letter dated March 30, 2016, a copy of which is attached as Exhibit A and incorporated herein by reference.

5.     Venue in this Court is proper as the alleged unlawful employment practices were committed here, the employment records relevant to such practice are maintained and administered here, it is the judicial district in which Mr. Panyagor would have continued working but for the alleged unlawful employment practice of Defendant, and it is the judicial district in which Defendant has its principal office.

## Parties

6.     Defendant, Kindred Nursing Centers Limited Partnership doing business as Kindred Nursing and Rehabilitation - Bashford, is a business entity licensed to do business in the Commonwealth of Kentucky, with its principal offices located at 680 South Fourth Street, Louisville, Kentucky 40202, and at all times relevant hereto it operated a residential care and rehabilitation facility located at 3535 Bardstown Road, Louisville, Kentucky 40218 (hereinafter "**Kindred**").

2

Filed        16-CI-002535    06/02/2016        David L. Nicholson, Jefferson Circuit Clerk

7.      Kindred is a "person" as that term is defined by KRS § 344.010(1), 42 U.S.C. § 12111(7), and 42 U.S.C. § 2000e(a), and is an "employer" as that term is defined by KRS 344.030(2), 42 U.S.C. § 2000e(b), 42 U.S.C. § 12111(5)(A), and by the FMLA pursuant to 29 U.S.C. § 2611(4). Upon information and belief, at all pertinent times herein, Kindred had in its employ and continues to employ in excess of fifty (50) employees.

8.      Plaintiff, Mr. Panyagor, is an individual residing in Jefferson County, Kentucky. Mr. Panyagor is of Sudanese national origin.

9.      At all pertinent times herein, Mr. Panyagor, was employed by Kindred as a certified nursing assistant ("CNA"), until Kindred terminated his employment on or about August 7, 2015.

10.     At all pertinent times herein, Mr. Panyagor was an "eligible employee" pursuant to 29 U.S.C. § 2611(2)(A), in that at the time he requested medical leave he had worked for Kindred for more than 1250 hours in the twelve months preceding his request for leave and had worked for Kindred for more than 12 months.

11.     At all pertinent times herein, Mr. Panyagor was a "qualified individual" with a disability as contemplated by KRS 344.030(1) and 42 U.S.C. § 12111(8) in that he could have performed the essential job functions if Kindred would have provided him with certain reasonable accommodations that he had requested.

12.     Sometime in May and or June of 2015, Mr. Panyagor complained to Kindred's management that his co-worker, Serena James, was mistreating residents.

13.     Shortly after he complained about her, Ms. James started to harass him, calling him names.

Presiding Judge: HON. MARY SHAW (630277)

Package : 000005 of 000014

3

Filed        16-CI-002535    06/02/2016    EXHIBIT A  David L. Nicholson, Jefferson Circuit Clerk

14.     Thereafter, Mr. Panyagor complained to management that Ms. James was harassing him, at which time he was advised by Kindred's management that he would no longer be assigned to work together with Ms. James.

15.     Then on or about July 2, 2015, Mr. Panyagor's physician requested that Mr. Panyagor be placed on a leave of absence for rehabilitation related to Mr. Panyagor's herniated lumbar disc, which leave was an FMLA-qualifying request for leave.

16.     On or about August 2, 2015, Mr. Panyagor returned to work with temporary light duty restrictions.

17.     Upon information and belief, within hours of his return to work, Mr. Panyagor was advised that his employment was suspended pending an investigation into a claim by Ms. James that Mr. Panyagor had violated Kindred's sexual harassment policy.

18.     Thereafter, on or about August 7, 2015, Kindred advised Mr. Panyagor that his employment had been terminated.

19.     Mr. Panyagor was treated differently than other employees, subjected to additional scrutiny, discipline, harassment and other retaliation based on: his disability; his request for FMLA leave; because he requested reasonable accommodations due to his serious health conditions; and / or because he complained that his co-worker had been harassing him due to his national origin.

### Count I: Discrimination in Violation of ADAAA
### 42 U.S.C. § 12112(a)

20.     Mr. Panyagor restates paragraphs 1 to 19 herein.

21.     Kindred's discriminatory conduct on the basis of Plaintiff's disability, including but not limited to its failure to provide reasonable accommodations, disparate treatment and

4

EXHIBIT A

discharge of Plaintiff in connection with Plaintiff's disabilities, constitutes violations of the anti-discrimination provisions of the ADAAA.

22.     Kindred engaged in the discriminatory practices alleged herein with malice or with reckless indifference to Mr. Panyagor's federally protected rights, entitling Mr. Panyagor to punitive damages pursuant to 42 U.S.C. § 1981a.

23.     As a direct and proximate result of Kindred's conduct, as herein alleged, Plaintiff has suffered lost wages, emotional pain and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, front pay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs.

## Count II: Discrimination In Violation Of Title VII
### 42 U.S.C. § 2000e-2(a)

24.     Plaintiff restates paragraphs 1 to 19 herein.

25.     Kindred's discriminatory conduct on the basis of Plaintiff's national origin, including but not limited to creating a hostile work environment, and its subsequent discharge of Plaintiff, constitutes violations of the anti-discrimination provisions of the federal Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) et seq.

26.     Kindred's engaged in discriminatory practice(s) with malice or with reckless indifference to Plaintiff's federally protected rights.

27.     As a direct and proximate result of Kindred's conduct, as herein alleged, Plaintiff has suffered lost wages, emotional pain and suffering, and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, front pay, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, plus attorney's fees and costs,

Presiding Judge: HON. MARY SHAW (630277)

Package : 000007 of 000014

5

and pursuant to 42 U.S.C.A. § 1981a(b)(1), Plaintiff is entitled to recover from Kindred's a sum for punitive damages.

### Count III:  Retaliation In Violation Of Title VII
### 42 U.S.C. § 2000e-3(a)

28.    Plaintiff restates paragraphs 1 to 27 herein.

29.    Kindred's discharge of Plaintiff, and other retaliatory conduct, which occurred close in time after Plaintiff complained that Kindred's work environment was discriminatory and hostile on the basis of national origin, was taken because of Plaintiff's opposition to employment practices at Kindred's that were made unlawful under Title VII of the Civil Rights Act of 1964, in violation of 42 U.S.C. 2000e-3(a).

30.    Kindred engaged in retaliatory discriminatory practice(s) with malice or with reckless indifference to Plaintiff's federally protected rights.

31.    As a direct and proximate result of Kindred's conduct, as herein alleged, Plaintiff has suffered lost wages, emotional pain and suffering, and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, front pay, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, plus attorney's fees and costs, and pursuant to 42 U.S.C.A. § 1981a(b)(1), Plaintiff is entitled to recover from Kindred's a sum for punitive damages.

### Count IV:  Discrimination and Retaliation in Violation of KCRA

32.    Mr. Panyagor restates paragraphs 1 to 31 herein.

33.    Kindred's discriminatory and retaliatory conduct on the basis of Plaintiff's national origin and disability, including but not limited to failing to provide reasonable accommodations to Mr. Panyagor for his disability, disparate treatment, and discharge of Plaintiff

Presiding Judge: HON. MARY SHAW (630277)

Package : 000008 of 000014

6

from his employment, constitutes violations of the anti-discrimination and retaliation provisions of Kentucky's Civil Rights Act, KRS 344 *et seq.*

34.    As a direct and proximate result of Kindred's conduct, as herein alleged, Plaintiff, Mr. Panyagor, has suffered lost wages, emotional pain and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, front pay and other terms, conditions, and privileges of employment, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs.

**Count V: Interference with Plaintiff's Exercise of his FMLA Rights in Violation of 29 U.S.C. § 2615(a)(1)**

35.    Mr. Panyagor restates paragraphs 1 to 19 herein.

36.    Kindred interfered with, restrained, and denied Mr. Panyagor's rights under FMLA when Defendant terminated Mr. Panyagor's employment immediately upon his return to work from an approved FMLA leave.

37.    Mr. Panyagor requested and pursued a lawful claim with Kindred for leave he was entitled to under the FMLA due to a serious medical condition diagnosed by a health care provider. Mr. Panyagor gave sufficient oral and/or written notice to make Kindred aware that he needed FMLA-qualifying leave.

38.    Kindred, rather than complying with FMLA, instead discharged Mr. Panyagor from his employment immediately upon his return to work from his leave.

7

EXHIBIT A

Presiding Judge: HON. MARY SHAW (630277)

Package : 000009 of 000014

Case 3:16-cv-00401-CRS-CHL Document 1-1 Filed 06/27/16 Page 8 of 12 PageID #: 12

Filed          16-CI-002535   06/02/2016      David L. Nicholson, Jefferson Circuit Clerk

39.     As a direct and proximate result of Kindred's violation of the FMLA, Mr. Panyagor has been deprived and continues to be deprived of past and future wages, and other terms, conditions, and privileges of employment at Kindred.

40.     Kindred's actions and or omissions in interfering with Plaintiff's FMLA rights were not taken in good faith.

41.     Because of Kindred's violation of the FMLA, Mr. Panyagor is permitted a civil action in this Court against Kindred, recovery of actual damages suffered, including the loss of earnings and benefits he has sustained due to the termination of his employment, interest, liquidated damages, and his costs in bringing and pursuing this action, including an award of reasonable attorney's fees.

42.     As a direct and proximate result of Kindred's conduct, as herein alleged, Plaintiff has suffered lost wages, emotional pain and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, front pay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs, and liquidated damages.

## Count VI: Discrimination in Violation of
## 29 U.S.C. § 2615(a)(2)

43.     Mr. Panyagor restates paragraphs 1 to 42 herein.

44.     Kindred discriminated against and discharged Mr. Panyagor from employment on or about August 7, 2015, in violation of the FMLA, 29 U.S.C. § 2615(a)(2).

45.     Defendant's actions and or omissions in discriminating against Mr. Panyagor's approved FMLA leave and instead terminating his employment were not taken in good faith.

Presiding Judge: HON. MARY SHAW (630277)

Package : 000010 of 000014

8

Filed          16-CI-002535   06/02/2016      David L. Nicholson, Jefferson Circuit Clerk

EXHIBIT A

46.  Because of Kindred's violation of the FMLA, Mr. Panyagor is permitted a civil action in this Court against Kindred, recovery of actual damages suffered, including the loss of earnings and benefits he has sustained due to the termination of his employment, interest, liquidated damages, and his costs in bringing and pursuing this action, including an award of reasonable attorney's fees.

47.  As a direct and proximate result of Kindred's conduct, as herein alleged, Mr. Panyagor has suffered lost wages, emotional pain and other non-pecuniary losses, entitling him to relief therefrom in the form of back pay, front pay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs, and liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Abraham Panyagor, demands relief as follows:

A.  Judgment against Defendant, Kindred Nursing Centers Limited Partnership doing business as Kindred Nursing and Rehabilitation - Bashford, in Plaintiff's favor on all counts;

B.  An award of compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

C.  An award of compensatory damages including but not limited to emotional distress, mental anguish, embarrassment, humiliation, and other non-pecuniary losses;

D.  An award of liquidated damages for the FMLA violations;

E.  An award of punitive damages for the Title VII and/or ADAAA violations;

Presiding Judge: HON. MARY SHAW (630277)

Package : 000011 of 000014

F.     An award of statutory interest on all damage awards, verdicts or judgments;

G.     An award of costs incurred herein, including a reasonable attorney's fee; and,

I.     Any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/Zachary L. Taylor*
Zachary L. Taylor, Esq.
2815 Taylorsville Road, Suite 102
Louisville, Kentucky 40205
Phone: (502) 822-2500
ztaylor@taylorlawcenter.com

-and-

Ayala Golding, Esq.
Tilford, Dobbins & Schmidt, PLLC
401 West Main Street, Suite 1400
Louisville, Kentucky 40202
Phone: (502) 584-1000
agolding@tilfordlaw.com

*Counsel for Plaintiff*

Presiding Judge: HON. MARY SHAW (630277)

Package : 000012 of 000014

10

EXHIBIT A

Filed          16-CI-002535   06/02/2016          David L. Nicholson, Jefferson Circuit Clerk

EEOC Form 161 (11/09)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Abraham Panyagor**                        From:   **Louisville Area Office**
      **2606 Colin Avenue**                               **600 Dr Martin Luther King Jr Pl**
      **Louisville, KY 40217**                            **Suite 268**
                                                          **Louisville, KY 40202**

| | | |
|---|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **474-2015-00840** | **William E. Snyder,** Investigator | **(502) 582-5446** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Randy G. Poynter,
**Area Office Director**

MAR 3 0 2016

*(Date Mailed)*

Enclosures(s)

cc:   **William C. Vail, Jr.**                      **Zachary Taylor**
      **Sr. Director & Employment Counsel**         **TAYLOR LAW CENTER**
      **KINDRED HEALTHCARE**                        **9900 Corporate Campus Drive**
      **680 South Fourth Street**                   **Suite 3000**
      **Louisville, KY 40202**                      **Louisville, KY 40223**

Presiding Judge: HON. MARY SHAW (630277)

Package : 000013 of 000014

Filed          16-CI-002535   06/02/2016          David L. Nicholson, Jefferson Circuit Clerk

EXHIBIT A

Filed
Enclosure with EEOC
Form 161 (11/09)

16-CI-002535   06/02/2016          David L. Nicholson, Jefferson Circuit Clerk

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Filed          16-CI-002535   06/02/2016   EXHIBIT A David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. MARY SHAW (630277)

Package : 000014 of 000014