UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ABRAHAM PANYAGOR                                                    PLAINTIFF

v.                                     CIVIL ACTION NO. 3:16-CV-00401-CRS-CHL

KINDRED NURSING CENTERS
LIMITED PARTNERSHIP                                                DEFENDANT

Memorandum Opinion

I.      Introduction

        This matter is before the Court on the motion of Plaintiff Abraham Panyagor for leave to

amend the complaint under Federal Rule of Civil Procedure 15(a)(2), ECF No. 21. Panyagor

tendered a proposed amended complaint, ECF No. 21-1. Defendant Kindred Nursing Centers

Limited Partnership ("Kindred") responded, ECF No. 29. Panyagor replied, ECF No. 32. For the

reasons explained below, the Court will deny Panyagor's motion for leave to amend the

complaint.

II.     Background

        A.      Allegations in the Complaint

        Kindred employed Panyagor as a certified nursing assistance. Compl. ¶ 9, ECF No. 1-1.

In May or June of 2015, Panyagor notified Kindred's management that his co-worker, Serena

James, was mistreating the company's residents. *Id.* ¶ 12. Shortly thereafter, James began to

harass Panyagor, including by calling him names. *Id.* ¶ 13. Panyagor complained to Kindred's

management that James was harassing him. *Id.* ¶ 14. In response, Kindred's management

informed Panyagor that he would no longer be assigned to work with James. *Id.*

1

On July 2, 2015, Panyagor's physician requested that Panyagor be placed on a leave of absence for rehabilitation related to his herniated lumbar disc, which Panyagor asserts was a request for leave under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611, *et. seq. Id.* ¶ 15. About a month later, Panyagor returned to work with temporary light duty restrictions. *Id.* ¶ 16. That day, Kindred advised him that his employment was suspended pending an investigation into a claim by James that he had violated the company's sexual harassment policy. *Id.* ¶ 17. On August 7, 2015, Kindred terminated Panyagor. *Id.* ¶ 18.

In June 2016, Panyagor filed suit against Kindred in the Jefferson County, Kentucky Circuit Court. *Id.* at 1. He asserts that Kindred discriminated against him on the basis of a disability in violation of the Americans with Disabilities Act of 1990, as Amended (ADAAA), 42 U.S.C. § 12101, *et seq.* (Count I). *Id.* ¶¶ 20–23. Panyagor also alleges that Kindred discriminated against him on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), *et seq.* (Count II) *Id.* ¶¶ 24–27. Panyagor additionally claims that Kindred terminated him and engaged in other retaliatory conduct after he complained about the company's employment practices, which is unlawful under Title VII (Count III). *Id.* ¶¶ 28–31. Panyagor further maintains that Kindred discriminated and retaliated against him in violation of the Kentucky Civil Rights Act (KCRA), Ky. Rev. Stat. § 344, *et seq.* (Count IV). *Id.* ¶¶ 32–34. Panyagor asserts that Kindred interfered with his rights under the FMLA (Count V). *Id.* ¶¶ 35–42. Finally, he contends that Kindred discriminated against him in violation of the FMLA (Count VI). *Id.* ¶¶ 43–47. Panyagor seeks an award of compensatory damages, liquidated damages, and punitive damages. *Id.* at 9. He also seeks an award of statutory interest, costs and fees, and other appropriate relief. *Id.* at 10.

B.    Procedural History

Kindred filed a notice of removal in this Court. Not. Removal 1, ECF No. 1. As part of the scheduling order, the magistrate judge ordered the parties to file any amended pleadings and joinder of parties by November 18, 2016. Order 9/15/2016 1, ECF No. 11. The parties agree that on April 18, 2017, Panyagor sat for a deposition. Mot. Amend 2, ECF No. 21; Resp. Opp. Mot. Amend 2, ECF No. 29. According to Panyagor, he testified that he had been subjected to retaliation because he complained about James' treatment of Kindred patients. Mot. Amend 2, ECF No. 21.

III.    Discussion

Some six months after the scheduling order deadline for filing amended pleadings—in May 2017—Panyagor moved for leave to amend the complaint under Rule 15(a)(2). Mot. Amend 1, ECF No. 21. He seeks to add James as a defendant and to assert (1) a claim for wrongful termination, (2) a claim under the Kentucky Patient's Safety Act, Ky. Rev. Stat. § 216B.165, and (3) a claim for conspiracy to violate the KCRA. Tendered Am. Compl. ¶¶ 44–60, ECF No. 21-1. He also seeks to withdraw his claims arising under the ADAAA.[1]

Panyagor argues that the Court should grant him leave to amend the complaint because the purpose of the amendments is proper, the amendments would aid the Court in framing the relevant issues, the amendments are not advanced to cause undue delay or prejudice, the amendments would not require a continuance of the trial, and Kindred would not suffer undue prejudice as a result of the complaint being amended. Mot. Amend 2–3, ECF No. 21. Panyagor further maintains that good cause exists to grant him leave to amend the complaint because he

---

[1] In his reply, Panyagor seeks to file a modified amended complaint. See Am. Compl. 1, ECF No. 32-1. This is procedurally improper because it bars Kindred from presenting its arguments on the modified amended complaint. Accordingly, the Court will consider only Panyagor's amended complaint that was submitted with his motion for leave to file an amended complaint.

has developed new theories of liability that should be subject to motion practice or to trial. *Id.* at 3. Kindred argues in opposition that Panyagor has not met his burden to affirmatively show good cause, his proposed amendment and joinder of a new party would prejudice it, and his amendments are futile. Resp. Opp. Mot. Amend 3, ECF No. 29.

The Federal Rules of Civil Procedure permit a party to "amend its pleading once as a matter of course" if the amendment is filed "before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1). In "all other cases[,]" the party must receive the "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave [to amend] when justice so requires." *Id.*

The "window of opportunity" for amending a complaint does not stay open forever. *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). Federal Rule of Civil Procedure 16 requires that the parties enter into a scheduling order that limits the time to amend the pleadings. Fed. R. Civ. P. 16(b)(3)(A). Rule 16 is designed to ensure that "at some point both the parties and the pleadings will be fixed." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (internal citations omitted).

After the Rule 16 deadline has passed, litigants must "meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane*, 275 F. App'x at 536. Rule 16 provides that a modification to the scheduling order is available "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This requires the litigants to establish that "despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907. Another factor the court may consider is "possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

Here, as noted above, Panyagor moved to amend the complaint after the scheduling order deadline for filing amended pleadings had passed; thus, he must meet the higher "good cause" standard for modifying a scheduling order under Rule 16(b). He does not. In his motion to amend, Panyagor summarily asserts, "[G]ood cause exists to grant . . . leave to amend the complaint. Since the amendment deadline of November 18, 2016, [he] has developed new theories of liability which he should be permitted to test through dispositive motion practice or trial." Mot. Amend 3, ECF No. 21. Panyagor fails to articulate how he exercised due diligence in obtaining the information giving rise to the claims he wishes to now assert in the amended complaint and the addition of James as a defendant in the case. Nor does he explain why he was unable to meet the scheduling order deadline of November 18, 2016 for amending the pleadings. At least part of the information upon which the new claims are based comes from his own knowledge and arose from the deposition that he gave on April 18, 2017. Mot. Amend 2, ECF No. 21. Thus, Panyagor had the capacity to reasonably develop the information before November 18, 2016 scheduling order deadline.

In his reply, Panyagor maintains that he lacked information to present his claims before the scheduling order because Kindred failed to timely produce documents and other information in response to his early discovery requests. Reply 1–2. He attaches emails sent between his and Kindred's counsel regarding discovery requests in support of this argument. *See, e.g*., Golding Email 2/6/2017 1, ECF No. 32-3. These new arguments raised in the reply are procedurally improper, as they prevent Kindred from providing any type of response and the record from being fully developed. Moreover, the alleged failure of Kindred to provide sufficient discovery in response to his requests does not explain why Panyagor was unable to meet the scheduling order deadline of November 18, 2016 in light of his statements made in his motion for leave to

amend the complaint that the new claims are partially based on his own deposition testimony. *See* Mot. Amend 2, ECF No. 21.

In sum, Panyagor is unable to show good cause for amending the complaint after the scheduling order deadline of November 18, 2016. As such, the Court will deny his motion for leave to amend the complaint.

IV.    Conclusion

The Court will deny Panyagor's motion for leave to amend the complaint. An order will be entered in accordance with this memorandum opinion.

August 8, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**